I agree that some of Blizard's discovery requests are broader than is appropriate to elicit material relevant to, or likely to lead to evidence relevant to, the propriety of the jury's punitive-damages award. However, I write specially to clarify, in light of our jurisprudence, the implications of the Court's holding today that "a defendant who has filed a motion for a remittitur of punitive damages may preclude post-trial discovery of its financial information by stipulating that it will not rely on its financial status as a ground for the remittitur."992 So.2d at 1260.
Punitive damages exist to accomplish society's goals of punishing and deterring egregious tortious conduct. SeeGreen Oil Co. v. Hornsby, 539 So.2d 218, 222 (Ala. 1989) (discussing the purpose of punitive damages in the context of reviewing a *Page 1275 
punitive-damages award for excessiveness). Remittitur exists and the Green Oil factors were established for the benefit of defendants, insofar as the "benefit" in question is the defendant's "right to a fair punishment,"Williams v. Williams, 786 So.2d 477, 483 (Ala. 2000) (citing Wilson v. Dukona Corp., 547 So.2d 70, 73
(Ala. 1989) (emphasis added)), and not the defendant's interest in avoiding punishment. Thus, the trial court's ultimate concern in ruling on a motion for a remittitur is one of fairness. Achieving a fair punishment requires the trial court to consider not only the factors outlined inGreen Oil that benefit the defendant's interest in obtaining a favorable ruling, but also the factors that weigh in favor of upholding the punitive-damages award rendered by the jury. See, e.g., Employees' Benefit Ass'n v. Grissett,732 So.2d 968, 981 (Ala. 1998) (considering factors that favored, as well as factors that "weigh[ed] against," a finding that the punitive damages awarded were excessive, and reducing the award to an amount "sufficient to punish [the defendant] and to deter it from further [similar] conduct . . ., without compromising [the defendant's] due process rights").
Today's decision should not be misunderstood as creating a rule that, on a motion for a remittitur, a trial court is to consider only the factors that benefit the defendant, or that the defendant chooses to place in issue. When a defendant disclaims reliance on a Green Oil factor and thereby precludes discovery into that factor, the defendant does more than merely "waive the benefit" of that factor. As explained in the main opinion, "[t]hat disclaimer requires the trial court to weigh the [disclaimed] factor against a remittitur."992 So.2d at 1261 (emphasis added).
The main opinion does not address how much weight the trial court should assign the disclaimed factor. Far from escaping its obligations to produce requested relevant, nonprivileged discovery, a defendant who successfully precludes discovery regarding a Green Oil factor by disclaiming reliance on that factor must undertake a heavy burden. Because the defendant in those circumstances effectively blocks the trial court from evaluating the true extent to which the disclaimed factor militates against a reduction in the award, the trial court should assign the most extreme weight to the disclaimed factor and give full consideration to that great weight in determining whether, and how much, to reduce the punitive-damages award. Otherwise, the main opinion provides the wrongdoing defendant with a means of avoiding a fair imposition of a punitive-damages award by simply "disclaiming" those Green Oil factors that most strongly militate against a remittitur of the punitive-damages award. Such a result is directly contrary to this Court's jurisprudence emphasizing that the purpose of punitive damages is to punish and deter egregious unlawful conduct and that the purpose of a remittitur is to protect the defendant's inalienable due-process "right to a fair
punishment." Williams, 786 So.2d at 483 (citingWilson, 547 So.2d at 73 (emphasis added)); seealso, e.g., Green Oil, 539 So.2d at 222. Although our law requires a trial court to protect a defendant fromunfair punishment, our law must never be read to undermine the court's duty to impose a fair punishment. *Page 1276